UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTNEY D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-1742-TLF

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED and REMANDED for further administrative proceedings**.

## I.   BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on October 10, 2019, alleging

ORDER
PAGE - 1

disability beginning June 1, 2018. AR 15. After the applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on August 10, 2021, and took testimony from Plaintiff and a vocational expert (VE). AR 36–64. On October 5, 2021, the ALJ issued a decision finding Plaintiff not disabled if she stopped substance use. AR 15–30.

The Appeals Council denied Plaintiff's request for review on October 26, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appeals the denial of disability benefits to this Court.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.   THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date. AR 18. At step two, the ALJ found Plaintiff has the following severe impairments: bipolar disorder; major depressive disorder; post-traumatic stress disorder; anxiety disorder with panic disorder; attention deficit hyperactivity disorder; and substance use. AR 18.

At step three, when including Plaintiff's substance use, the ALJ found Plaintiff's impairments met the criteria of section 12.04 and 12.06 of 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18–22. If Plaintiff stopped substance use, the ALJ found Plaintiff's

ORDER
PAGE - 2

limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities but found Plaintiff would not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 18–22.

At step four, the ALJ found that, if Plaintiff stopped substance use, Plaintiff would have the residual functional capacity (RFC) to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> she could understand and remember short and simple instructions given in a clear manner; would have sufficient concentration, persistence, and pace to complete simple, routine, and repetitive tasks within normal tolerances for a normal workday and workweek with normal breaks; could have only occasional interaction with co-workers, supervisors, and the general public; and could adapt to routine changes in a work environment with clear goals.

AR 24. The ALJ determined all available evidence related to Plaintiff's past relevant work was insufficient to make a well-informed finding and made no finding regarding past relevant work. AR 28.

At step five, the ALJ found that, if Plaintiff stopped substance use, Plaintiff would be capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 29. The ALJ thus concluded Plaintiff's substance use is a contributing factor material to the determination of disability and that Plaintiff would not be disabled if she stopped the substance use. AR 29; *see* 42 U.S.C. § 423(d)(2)(C) (a claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled"). Accordingly, the ALJ found Plaintiff has not been under a disability since the alleged onset date. AR 29.

ORDER
PAGE - 3

## IV. DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly rejected Plaintiff's statements about her symptoms and their limiting effects and (2) whether the ALJ properly evaluated the medical opinion evidence. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**A. Subjective Testimony**

Plaintiff alleges she is unable to work because her anxiety, depression, and ADHD and her substance abuse history make it hard to work. AR 260. Plaintiff alleges she experiences constant worry and nervousness; her depression makes her become isolated, fearful, slow, and sad; she feels up and down on edge; she cannot get out of bed; and she has difficulty concentrating and functioning. AR 260, 294, 304. At the hearing, Plaintiff testified she feels anxious all the time, has inconsistent thought process, has difficulty staying focused, gets overwhelmed by deadlines, performs household chores inconsistently, and has difficulty parenting. AR 46–48, 55. Plaintiff testified she stopped working in 2018 because she was anxious and depressed and could not get out of bed. AR 55. Plaintiff further testified she still feels anxious and cannot get out of bed, she is struggling with completing her GED coursework, and she does not consistently shower or brush her teeth. AR 55–57.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not

entirely consistent with the medical evidence and other evidence in the record." AR 24.

    1. Inconsistent statements of plaintiff about daily activities

Plaintiff argues the ALJ improperly rejected Plaintiff's subjective symptom testimony when not using substances by finding it inconsistent with Plaintiff's daily activities, arguing Plaintiff's activities "say little about Plaintiff's ability to sustain work activities on a fulltime basis." Dkt. 11, at 4. An ALJ may use evidence of a claimant's activities when evaluating their subjective symptom testimony to show inconsistency with the testimony or to show that the claimant's activities meet the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ found Plaintiff's symptom testimony inconsistent with Plaintiff's statements during a June 2020 mental health evaluation that she can dress and bathe herself, brush her own teeth, perform household chores, go grocery shopping, perform yardwork, perform basic household repairs, and manage her own funds. AR 25–26 (citing AR 666). Additionally, although Plaintiff reported in an adult function report that her depression makes it hard to care for herself or pay her bills, Plaintiff stated she is able to take care of her personal needs and grooming without any special reminders, prepare her own meals, do housework and yardwork, drive and go out alone, shop in stores for food, and count change. AR 261–63.

Plaintiff's symptom testimony conflicts with Plaintiff's prior statements regarding her activities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ properly considers prior inconsistent statements in evaluating a claimant's testimony). Yet, in this case, lack of credibility would not be a reasonable inference, considering that the ALJ failed to account for the waxing and waning symptoms of bipolar disorder,

ORDER
PAGE - 5

depression, PTSD, and anxiety. See parts IV. A.2, and IV. B, below. Because symptoms of mental illness wax and wane, plaintiff's ability to handle daily responsibilities and activities may also be variable.

2. Statements of plaintiff inconsistent with medical record.

Plaintiff next argues the ALJ improperly rejected Plaintiff's symptom testimony by finding it inconsistent with Plaintiff's mental status examinations and that "the ALJ failed to consider the nature of bipolar disorder when evaluating the objective medical evidence." Dkt. 11, at 6. "It is the nature of bipolar disorder that symptoms wax and wane over time." *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2017) ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.").

Here, the ALJ identified evidence indicating Plaintiff exhibited both normal and abnormal mental health symptoms during the relevant period. *See* AR 25–26. The ALJ cited mental status examinations in which Plaintiff was, among other findings, "appropriately groomed, and exhibited normal cognition, a euthymic mood, normal affect, appropriate dress and hygiene, no psychomotor abnormalities, good concentration, appropriate behavior, organized and intact thought process, appropriate thought content, . . . good memory, an average fund of knowledge, appropriate judgment, and good insight." AR 26. The ALJ also cited notes from Plaintiff's examining providers indicating abnormal mental health findings, including observations that Plaintiff exhibited an anxious mood and fair memory, concentration, judgment, and insight, and findings from Plaintiff's psychiatric evaluations revealing psychomotor agitation, impaired concentration, below average or impaired fund of knowledge, impaired recall, and

ORDER
PAGE - 6

impaired judgment and insight. AR 24–26.

The ALJ, however, failed to consider Plaintiff's abnormal mental health findings and varying mental health symptoms when evaluating Plaintiff's subjective testimony; instead, the ALJ relied solely on the normal mental findings to reject Plaintiff's subjective testimony. AR 24–26; *see Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."). Therefore, the ALJ improperly found Plaintiff's testimony to be inconsistent with the medical record and erred by rejecting Plaintiff's subjective testimony on that basis.

The ALJ's error was not harmless in this case because the ALJ failed to identify specific, clear, and convincing reasons for rejecting Plaintiff's testimony that she experiences debilitating anxiety, inconsistent thought process, and difficulty focusing. *See Trevizo v. Berryhill*, 871 F.3d 664, 678T (9th Cir. 2017) (the ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony).

**B. Medical Opinion Evidence**

The medical record indicates plaintiff has been diagnosed with Bipolar Disorder, Posttraumatic Stress Disorder, Depression, recurrent, Mild Neurocognitive Disorder, Anxiety, and Panic Disorder. AR 441, 488, 508-509, 1028, 1044, 1047. Plaintiff disclosed that she had been sexually abused as a child, and that her parents were alcoholics and drug addicts, and her father committed suicide in 2004. AR 433-434, 493-494. Plaintiff's history of illegal substance use includes cannabis, methamphetamines, cocaine, crack,

heroine, Vicodin, Percocet, and Benzodiaepines. AR 367, 492-493, 662-663. She was treated for substance use disorder on several occasions. AR 393, 491-492, 663, 1034, 1037.

Dr. Carl Epp, Ph.D., evaluated Plaintiff on July 23, 2019, and assessed Plaintiff with marked limitations in her ability to understand, remember, and persist in tasks by following both simple and detailed instructions; complete a normal workday and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. AR 959.

Dr. Elwyn Hulse, Jr., Psy.D., evaluated Plaintiff on June 13, 2020, and assessed Plaintiff with severe impairment in the areas of social functioning and concentration. AR 666. Dr. Epp opined Plaintiff struggles with making "consistent appropriate decisions," performing tasks requiring cognitive persistence, sustaining concentration, and using linear logic and experiences significant impairment in her ability to adapt, remember, and interact with others. AR 667–68.

The ALJ found the doctors' opinions were supported by the doctors' own examination findings. AR 26–27. However, the ALJ found the doctors' assessment of marked limitations to be inconsistent with evidence supporting less restrictive limitations, including mental status examinations showing Plaintiff was, among other findings, "appropriately groomed, and exhibited normal cognition, a euthymic mood, normal affect, appropriate dress and hygiene, no psychomotor abnormalities, good concentration, appropriate behavior, organized and intact thought process, appropriate thought content, . . . good memory, an average fund of knowledge, appropriate judgment, and

ORDER
PAGE - 8

good insight." AR 26–27.

Plaintiff argues the ALJ evaluation of the consistency of Dr. Epp's and Dr. Hulse's opinions was not supported by substantial evidence. Dkt. 11, at 8–11. Under the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Similar to the ALJ's evaluation of Plaintiff's subjective testimony, the ALJ failed to consider evidence in the record indicating abnormal mental health findings and Plaintiff's varying symptoms when evaluating the consistency and persuasiveness of Dr. Epp's and Dr. Hulse's opinions. The ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore*, 827 F.3d at 877; *see also id.* (ALJ is required to consider medical evidence in the broader context of a claimant's impairment).

Because the ALJ failed to consider the overall evidence of record when evaluating the persuasiveness of Dr. Epp's and Dr. Hulse's opinions, the ALJ improperly evaluated the consistency of Dr. Epp's and Dr. Hulse's opinions. Accordingly, the ALJ's rejection of each of these doctors' opinions lacks the support of substantial evidence in this case.

The ALJ's error was not harmless in this case because the RFC failed to account for the opinions of Dr. Epp and Dr. Hulse, which would include more restrictive limitations. *See* SSR 96-8p ("RFC represents the most that an individual can do despite his or her

ORDER
PAGE - 9

limitations or restrictions").

**1. Remaining Issues**

Plaintiff argues the ALJ erred in evaluating the persuasiveness of the opinion of Dr. Jenna Yun, Ph.D., and the non-examining opinions of Dr. Michael Regets, Ph.D., and Dr. Jan Lewis, Ph.D. Dkt. 11, at 11–16. As the Court has found reversible error in the ALJ's evaluation of Plaintiff's subjective testimony and in the ALJ's evaluation of Dr. Epp and Dr. Hulse's opinions, the Court declines to consider whether the ALJ erred in evaluating the medical opinions of Dr. Yun, Dr. Regets, and Dr. Lewis. Rather, the Court directs the ALJ to reevaluate the medical opinion evidence on remand, and reassess the RFC as warranted by further consideration of the evidence.

## V.   CONCLUSION

For the reasons set forth above, this matter is **REVERSED and REMANDED for further administrative proceedings**.

DATED this 29th day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge